United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JESSE WARD,<br>　　　　Plaintiff,<br>　　v.<br>STEPHEN WRIGHT, et al.,<br>　　　　Defendants. | Case No. 15-cv-05627-NJV<br><br>**ORDER**<br>Re: Dkt. No. 9, 15, & 17 |

　　　　Plaintiff Jesse Ward ("Plaintiff") filed this action against Stephen Wright, an officer with the County of Lake Sheriff's Office, and the County of Lake (together "Defendants"). *See* Compl. (Doc. 1). On February 2, 2016, Defendants filed a Motion to Dismiss (Doc. 9), to which Plaintiff filed a Response in opposition (Doc. 18). On February 16, 2016 Defendants filed a Motion to Continue (Doc. 15) the deadlines contained within the Initial Case Management Order. Also, on February 16, 2016, Plaintiff filed a Motion to Appoint Counsel (Doc. 17).

　　　　Pursuant to Civil Local Rule 7-1(b), the court finds that the Motion to Dismiss is appropriate for decision without oral argument and taking the matter on the papers, and for the reasons that follow, the court will grant the Motion to Dismiss in part and deny it in part. Plaintiff will be given time to file a first amended complaint. As a result, the Motion to Continue (Doc. 15) is granted. Finally, as explained below, the Motion to Appoint Counsel (Doc. 17) is denied.

//

//

//

## FACTS AS ALLEGED IN THE COMPLAINT

The Complaint alleges that on December 31, 2014[1] Plaintiff was informed by a friend that there was broken glass in the roadway in front of Plaintiff's house that needed to be cleaned up. The glass was from beer bottles that had fallen off of the tailgate of a truck. Plaintiff volunteered to get the glass because he needed to leave. As Plaintiff went to get the glass he saw some police officers. When Plaintiff leaned over the glass, Officer Wright began yelling "Don't touch it! It's criminal evidence!"

So, Plaintiff stopped and then began attempting to tell Officer Wright that the glass was not evidence, when Officer Wright "bull rushed" placing his "chest all in [Plaintiff's] face" and screaming at Plaintiff that this was indeed evidence. Due to the volume of Officer Wright's voice, "Officer Bill" rushed to the scene. Officer Bill calmed Officer Wright down, and then asked Plaintiff to "leave it alone" because Officer Wright was upset about the glass. Things got heated again between Plaintiff and Officer Wright and eventually Officer Bill separated the two then went back to the house to which the officers had originally been called.

Officer Wright then warned Plaintiff if he said anything more, he would arrest Plaintiff for obstructing justice. Plaintiff then tried to leave, when Officer Wright rushed Plaintiff from behind and tackled him onto the patrol car.

## CLAIM

Plaintiff brings his claims against Defendants pursuant to 42 U.S.C. § 1983 ("§ 1983") alleging violations of his Fourth and Fourteenth Amendments to the United States Constitution, seeking damages totaling $117,722.00.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure is to test the legal sufficiency of the claims stated in the complaint. A motion to dismiss may be brought under Rule 12(b)(6) when the plaintiff fails to state a claim upon which relief can be granted.

---

[1] The Complaint states "Dec 31, 2015." However, considering the filing date of the Complaint and some of the attendant materials supplied by the parties, it is clear that Plaintiff meant December 31, 2014.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8 "does not require 'detailed factual allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 1955 (2007)). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, in order to survive a motion to dismiss, the nonmoving party must allege facts that are "enough to raise a right to above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

## DISCUSSION

### *Defendant County of Lake*

Defendants assert that Plaintiff has failed to state a cause of action against the County of Lake. To maintain a section 1983 action against a governmental entity such as County of Lake, Plaintiff must first plead facts of a constitutional violation by the County's official, and second, must plead that the allegedly unconstitutional activity of the County's official was pursuant to a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the County's] officer." *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

Plaintiff has "failed to identify any custom or policy of [the County of Lake] as the 'moving force' behind his constitutional injury." *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1151 (9th Cir. 2011). Indeed, other than appearing to allege that Steven Wright is a County of Lake employee through the Sheriff's Office, Plaintiff makes no allegations against the County of Lake. "[A] public entity cannot be held liable under section 1983 on a respondeat

3

superior theory." *Id*. Thus, simply alleging that a county employee engaged in unconstitutional activity is insufficient to support a claim against a county. *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997). Thus, Plaintiff has failed to state a claim against the County of Lake.

Accordingly, the claim against Defendant County of Lake it is DISMISSED with leave to amend.

### *Defendant Steven Wright*

Defendants assert that the Complaint fails to establish a factual basis that Defendant Wright lacked probable cause for Plaintiff's arrest and that Defendant Wright is entitled to qualified immunity under the facts as stated in the Complaint. In essence, while Defendants concede that Plaintiff has been able to possibly allege a seizure (in this case the arrest) under the Fourth Amendment, Defendants argue that the facts as alleged do not establish that the arrest was made without probable cause and was thus a violation of § 1983.

"A claim stemming from an arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification." *Turner v. Oakland Police Officers, No. C 09-03652 SI*, 2010 WL 234898, at *3 (N.D. Cal. Jan. 14, 2010). Defendants argue that the facts as alleged establish "that probable cause existed for the actions of Officer Wright." Defs'. Mot. (Doc. 9-1) at 6.

The court does not agree. Under a liberal reading of the facts and taking them as true, Plaintiff alleges that he was threatened with being arrest if he said anything more and then was leaving when Officer Wright "rushed him from behind" and tackled him into the patrol car. Compl. (Doc. 1) at 5. The Complaint specifically alleges that the "[c]op made a warrantless arrest with no objectively reasonable facts to justify arrest." *Id*. "To determine whether an officer had probable cause to arrest an individual, we examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003). Looking to the objective factors, Plaintiff appeared to be in compliance

4

with the officer's orders to not touch the "criminal evidence" when the seizure took place.

Thus, at this stage of the proceedings the court cannot say that Defendant Ward had probable cause to arrest Plaintiff. Similarly, the court must deny Defendant Ward's request for qualified immunity. "The court applies a two-prong analysis to determine whether officials are entitled to qualified immunity: (1) whether the facts alleged show that the officer violated a constitutional right; and (2) if so, whether that right was clearly established at the time of the event." *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1075 (9th Cir. 2011). "It is well established that 'an arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983.'" *Id*. (quoting *Borunda v. Richmond,* 885 F.2d 1384, 1391 (9th Cir.1988)). Assuming that Defendant Wright lacked probable cause to make the arrest, and assuming that he could not have reasonably believed there was probable cause for the arrest, then Plaintiff has pled the violation of a clearly established right. Accordingly, the requests to dismiss the § 1983 claim against Defendant Wright as insufficiently plead or on the basis of qualified immunity are DENIED.

### *Request for the Appointment of Counsel*

As to the Motion to Appoint Counsel (Doc. 17), generally, there is no constitutional right to counsel in a civil case. *See Lassiter v. Dep't of Soc. Servs. of Durham Cty., N.C*., 452 U.S. 18, 101 S.Ct. 2153 (1981); *see also Olson v. Smith*, No. 13–36062, ––– Fed.Appx. –––, 2015 WL 1742045, *2 (9th Cir. Apr. 17, 2015) ("As a general proposition, a civil litigant has no right to counsel."). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See id*. at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id*.

The court does not at this time find that exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at an

1  early stage and it is premature for the court to determine Plaintiff's likelihood of success on the
2  merits. Moreover, Plaintiff has been able to articulate his claims adequately pro se in light of the
3  complexity of the issues involved. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th
4  Cir. 2004). Accordingly, the request for appointment of counsel at this time is DENIED.

## CONCLUSION

For the reasons stated above, it is ORDERED as follows:

(1) The Motion to Dismiss is granted in part and denied in part; Plaintiff shall have until on or before March 17, 2016 in which to file an first amended complaint; failure to timely file an amended complaint will result in the court moving forward with the claims as they exist in the current Complaint, but only as to Defendant Wright; the hearing on the Motion to Dismiss is VACATED;

(2) The Motion to Continue (Doc. 15) the deadlines contained within the Initial Case Management Order is GRANTED; the Case Management Conference is reset for May 24, 2016 and all attendant deadlines are adjusted accordingly; and

(3) The Motion to Appoint Counsel (Doc. 17) is DENIED.

**IT IS SO ORDERED**.

Dated: February 25, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WARD,<br>     Plaintiff,<br>v.<br>STEPHEN WRIGHT, et al.,<br>     Defendants. | Case No.  15-cv-05627-NJV<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 25, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jesse  Ward
5318 Monterey Place
Kelseyville, CA 95451


Dated: February 25, 2016


Susan Y. Soong
Clerk, United States District Court


By:_____

7

Robert Illman, Deputy Clerk to the
Honorable NANDOR J. VADAS