UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JESSE WARD,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHEN WRIGHT, et al.,<br><br>    Defendants. | Case No. 15-cv-05627-NJV<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 37 |

Pending before the court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 33). Previously the court granted in part and denied in part Defendants' Motion to Dismiss the original Compliant. *See* Order of February 25, 2016 (Doc. 20). Plaintiff then filed a First Amended Complaint. (Doc. 23). Defendants moved to Dismiss the First Amended Complaint. *See* Mot. (Doc. 24). Plaintiff then filed a Motion to file a Second Amended Complaint and attached a copy of the proposed amendment. (Doc. 27). The court determined that Plaintiff had not yet availed himself of his right to amend as a matter of course under Rule 15 of the Federal Rules of Civil Procedure and, thus, Plaintiff's Second Amended Complaint was docketed. *See* Order of June 16, 2016 (Doc. 32). The court granted Defendants an extension of time to respond to the Second Amended Complaint and then the current Motion was filed.

**LEGAL STANDARD**

The purpose of a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure is to test the legal sufficiency of the claims stated in the complaint. A motion to dismiss may be brought under Rule 12(b)(6) when the plaintiff fails to state a claim upon which relief can be granted.

1     A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  While Rule 8 "does not require 'detailed factual allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 1955 (2007)).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Thus, in order to survive a motion to dismiss, the nonmoving party must allege facts that are "enough to raise a right to above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

## DISCUSSION

Defendants filed the instant Motion pursuant to Rule 12(b)(6), arguing that "Plaintiff does not allege sufficient facts to establish a cause of action against either STEPHEN WRIGHT or LAKE COUNTY because [P]laintiff fails to allege sufficient facts to establish an unlawful arrest and, at minimum, [P]laintiff needs to plead a more definite statement as to the arrest that [P]laintiff is claiming and who participated in the arrest." Mot. (Doc. 37) at 2.  Indeed, the Second Amended Complaint speaks very little about the events at issue here.  In the original Compliant, Plaintiff asserted that he had been falsely arrested. *See* Compl. (Doc 1).  The original Complaint contained facts regarding Officer Wright, threats he made, the manner in which Plaintiff was tackled by Officer Wright, the conduct of other officers of the County of Lake's Sheriff's Office, facts regarding some glass in the street and whether that glass was evidence.  The Second Amended Complaint is devoid of such facts and falls well short of the pleading requirements of Rule 8 in that it utterly fails to set forth the claims or their factual bases.

Instead, Plaintiff uses the Second Amended Compliant as more of a response to the various pleadings by Defendants. Plaintiff starts with a question, offers Defendants' position, then explains why that position is wrong. And, while the *quaestiones disputatae* method may have worked for Aquinas, it does not fit the confines of Rule 8.

The court finds itself in a bit of a conundrum in that at one point Plaintiff had been able to state a claim upon which relief could be granted, and then, through a series of amendments, has filed a complaint that is properly dismissed. Considering Plaintiff's *pro se* status and what appears to be his confusion of this process the court will grant the Motion to Dismiss the Second Amended Complaint under Rule 12(b)(6) for failure to state a claim but allow a final amendment.

Accordingly, it is ORDERED as follows:

1) The Motion to Dismiss the Second Amended Complaint is GRANTED;

2) The Case Management Conference currently set for November 8, 2016 is VACATED;

3) Plaintiff is instructed to, within 7 days of receipt of this Order, contact the court's Legal Help Center at 415-782-8982 and make an appointment to get assistance with an attorney at the Center for the filing of a third amended complaint; and

4) Plaintiff shall, on or before November 8, 2016, file a third amended complaint. Plaintiff is warned that failure to timely file a third amended complaint will result in the dismissal of this action.

Further, the court hereby ADMONISHES Plaintiff that he shall refrain from future filings that contain personal attacks on opposing counsel. Much of the language in the Second Amended Complaint is inappropriate and unnecessary. Plaintiff will not make up nicknames for other parties, nor will he cast personal disparagement on Mr. Bangle. If Plaintiff engages in any such future behavior, or does not otherwise conduct himself in a civilized manner, he will be sanctioned.

**IT IS SO ORDERED**.

Dated: September 13, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WARD,<br><br>        Plaintiff,<br><br>   v.<br><br>STEPHEN WRIGHT, et al.,<br><br>        Defendants. | Case No. 15-cv-05627-NJV<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee of the U.S. District Court, Northern District of California.

That on September 13, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jesse Ward
5318 Monterey Place
Kelseyville, CA 95451


Dated: September 13, 2016


                                                Susan Y. Soong
                                                Clerk, United States District Court

                                                By:_____
                                                Robert Illman, Clerk to the
                                                Honorable NANDOR J. VADAS