UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JESSE WARD,<br>        Plaintiff,<br>    v.<br>STEPHEN WRIGHT, et al.,<br>        Defendants. | Case No. 15-cv-05627-NJV<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 45 |

Plaintiff Jesse Ward ("Plaintiff") filed this action against Stephen Wright, a deputy with the County of Lake Sheriff's Office, and the County of Lake (together "Defendants"). *See* Compl. (Doc. 1). Following several rounds of amendments and Motions to Dismiss, we have arrived at a Third Amended Complaint ("TAC") (Doc. 43) and a Motion to Dismiss the TAC (Doc. 45). For the following reasons, the court orders that the Motion to Dismiss is GRANTED as to Defendant County of Lake, but DENIED as to Deputy Wright.

### FACTS AS ALLEGED IN THE COMPLAINT

The TAC alleges that on December 31, 2014, Plaintiff was informed by a friend that some glass bottles had fallen off of a tailgate in front of Plaintiff's house. Plaintiff told his friend that Plaintiff would clean up the broken glass because his wife needed to leave to get "New Year's dinner material." TAC (Doc. 43) at 4. As Plaintiff went to get the glass at the front of his house he witnessed Deputy Wright arresting a neighbor. When Plaintiff leaned over the glass, Officer Wright began yelling "Don't touch it! It's criminal evidence!" *Id*. at 5.

Plaintiff stopped and then attempted to tell Deputy Wright that the owner of the broken glass lived a couple houses in the other direction when Deputy Wright became enraged and rushed

up to Plaintiff and shouted "I said, it was fucking evidence!" *Id.* at 5. Deputy Wright then began yelling and calling Plaintiff an ignorant hillbilly. Another deputy came to the scene and Plaintiff was able to explain to that deputy that the glass was not evidence related to the arrest of the neighbor. The second deputy told Plaintiff that he could clean up the glass after the report was written. Plaintiff then headed home. Seeing that the second deputy was out of earshot, Deputy Wright began yelling abuse threats and insults at Plaintiff, threatening to arrest him if he said another word and telling Plaintiff that he needed "needed to learn how to talk, [as] this was California not hillbilly acres." *Id.* When Plaintiff turned to say "that's not obstruction of justice," Deputy Wright tackled Plaintiff from behind and threw him "onto a patrol car right rear fender." *Id.* Deputy Wright then placed Plaintiff under arrest.

## CLAIMS

Plaintiff brings his claims against Defendants pursuant to 42 U.S.C. § 1983 ("§ 1983") alleging violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, is to test the legal sufficiency of the claims stated in the complaint. A motion to dismiss may be brought under Rule 12(b)(6) when the plaintiff fails to state a claim upon which relief can be granted.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8 "does not require 'detailed factual allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 1955 (2007)). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, in order to survive a motion to dismiss, the nonmoving party must allege facts that are "enough to raise a right to above the speculative level . . . on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

## DISCUSSION

### *Defendant County of Lake*

Defendants assert that Plaintiff has failed to state a cause of action against the County of Lake. To maintain a section 1983 action against a governmental entity such as County of Lake, Plaintiff must first plead facts of a constitutional violation by the County's official, and second, must plead that the allegedly unconstitutional activity of the County's official was pursuant to a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the County's] officer." *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

Plaintiff has "failed to identify any custom or policy of [the County of Lake] as the 'moving force' behind his constitutional injury." *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1151 (9th Cir. 2011). As Defendants point out, the TAC is devoid of any allegations of an official policy or custom of the County, or even the lack of an official policy or custom. Instead, the TAC generally asserts that the County failed to properly train Deputy Wright. "A plaintiff alleging a failure to train claim must show: (1) he was deprived of a constitutional right, (2) the municipality had a training policy that 'amounts to deliberate indifference to the [constitutional] rights of the persons with whom [its police officers] are likely to come into contact;' and (3) his constitutional injury would have been avoided had the municipality properly trained those officers." *Dasovich v. Contra Costa Cty. Sheriff Dep't*, No. 14-CV-00258-MEJ, 2014 WL 4652118, at *4 (N.D. Cal. Sept. 17, 2014) (quoting *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007)). "A municipality is 'deliberately indifferent' when the need for more or different action, 'is so obvious, and the inadequacy [of the current procedure] so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to

have been deliberately indifferent to the need.'" *Id.* (quoting *City of Canton, Ohio v. Harris,* 489 U.S. 378, 390 (1989).

In general, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell* . . . ." *City of Okla. City v. Tuttle*, 471 U.S. 808, 823-24 (1985); Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("The custom must be so persistent and widespread that it constitutes a permanent and well settled city policy . . . . Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." (internal quotations omitted));  *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989) ("A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee.").  "Although a single incident is ultimately insufficient to establish liability, a plaintiff can survive a motion to dismiss by stating a plausible *Monell* claim based on failure to train, so long as the allegations apply to all individuals that are trained using the policy at issue." *Valentine v. City of Concord*, No. 16-CV-00279-MEJ, 2016 WL 2851661, at *6 (N.D. Cal. May 16, 2016).  Plaintiff's allegations in the TAC fall short of these requirements.  The only specific training referenced by Plaintiff is training as to Deputy Wright on the First Amendment and his violation of such by not allowing Plaintiff to speak during the time of his arrest.  There is no allegation relating to training regarding a false arrest.  Further, Plaintiff does not allege that the County's improper First Amendment training created a deliberate indifference in all who trained under the policy.  Instead, Plaintiff simply makes a broad allegation regarding the First Amendment and then points to this incident.

Plaintiff also points to another allegation of bad acts on the part of Deputy Wright alleging that "[t]his officer abused and bruised a disabled old man before as well.  Instead of waiting for back up [sic] to do the arrest or removal [sic] of an old man humainly [sic], Officer Wright over powers, abuses, and hurts the old man." TAC at 7.  Plaintiff then directs this court to *Fidge v. Wrigh,t* 13cv05182.  To the extent Plaintiff is attempting to hold the County liable for bad acts of its employee and is arguing that the County was on notice of his bad acts, "a public entity cannot

be held liable under section 1983 on a *respondeat superior* theory." *Id*. Thus, simply alleging that a county employee engaged in unconstitutional activity is insufficient to support a claim against a county. *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997). To the extent Plaintiff is attempting to establish multiple bad acts in support of his failure to train claim, the District Court in that case found in *favor* of Deputy Wright *against* the plaintiff on his claims of false arrest, excessive force, and First Amendment violations. *See Fidge v. Lake Cty. Sheriff's Dep't*, No. 13-CV-05182-YGR, 2015 WL 3919819, at *15 (N.D. Cal. June 25, 2015), appeal dismissed (Aug. 10, 2015).

Thus, Plaintiff has failed to state a claim against the County of Lake because he has failed to identify a custom or policy, through a failure to train, that was the moving force behind his injury. Accordingly, the claim against Defendant County of Lake is DISMISSED.

### *Defendant Steven Wright*

Defendants assert that the TAC fails to establish a factual basis that Defendant Wright lacked probable cause for Plaintiff's arrest. "A claim stemming from an arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification." *Turner v. Oakland Police Officers, No.* C 09-03652 SI, 2010 WL 234898, at *3 (N.D. Cal. Jan. 14, 2010). Defendants argue that the facts as alleged in the TAC establish that there was probable cause for the arrest of Plaintiff.

The issue of probable cause here turns on Defendants' assertions that the facts as alleged in the TAC establish that probable cause to arrest existed because Plaintiff refused a lawful police order and because Plaintiff made an "assaultive gesture" toward Deputy Wright. The only police order listed in the TAC is to not touch the broken glass, as it was considered evidence. There is nothing in the TAC to suggest that this order was disobeyed. As to the "assaultive gesture," the TAC states that Plaintiff was "was headed on the way home . . . turned his head to say 'that's not obstruction of justice . . . [and then] was tackled from behind and thrown onto a patrol car['s] right rear fender." TAC (Doc. 43) at 5. The court finds that these alleged actions did not provide probable cause for an arrest.

Defendants argue that because Plaintiff attached the police reports of the incident to his TAC, and that the reports are inconsistent with the TAC, the court may dismiss the TAC for failure to state a claim.  However, "[a]lthough the court can consider attachments to a complaint in deciding a Rule 12(b)(6) motion, it should not do so with blind acceptance, particularly with a *pro se* plaintiff." *Allen v. Tomar*, No. 14-CV-4279 LB, 2015 WL 5525878, at *3 (N.D. Cal. Sept. 18, 2015).  "The rule that allows the court to look beyond the complaint does not require the court to attribute to a plaintiff everything in a document written by a third party or a defendant" *Id*.  Here, what the court takes as true for the purposes of this motion is that Plaintiff alleges that Deputy Wright alleges that Plaintiff walked toward the deputy with his finger pointed, telling the Deputy that he was being rude.  The court does not take this as Plaintiff's allegations of the incident.  *See e.g. Jones v. City of Cincinnati*, 521 F.3d 555, 561 (6th Cir. 2008) ("[W]e treat the exhibit as an allegation that the officers made the statements in the transcripts and we treat that allegation as true . . . [w]e do not accept as true, however, that [the officer's] statement is accurate or true; this is a question of credibility and weight of the evidence that is not before a court considering a motion to dismiss.").  Accordingly, based on the allegations in the TAC, the court finds that Plaintiff has been able to state a claim for relief and Defendants' Motion to Dismiss Deputy Wright is DENIED.

## CONCLUSION

For the reasons stated above, it is ORDERED as follows:

(1) The Motion to Dismiss is GRANTED as to County of Lake and DENIED as to Steven Wright.  No further amendments will be allowed at this point in the proceedings.

(2) The Initial Case Management Conference in this case is hereby set for March 14, 2017, with a joint Case Management Statement due March 7, 2017, and all attendant deadlines are adjusted accordingly.

**IT IS SO ORDERED**.

Dated: January 3, 2017

_____
NANDOR J. VADAS
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEPHEN WRIGHT, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-05627-NJV<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 3, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jesse Ward
5318 Monterey Place
Kelseyville, CA 95451


Dated: January 3, 2017

　　　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　Robert Illman, Law Clerk to the
　　　　　　　　　　　　　　　　　　　　Honorable NANDOR J. VADAS

7