UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JESSE WARD,<br><br>            Plaintiff,<br><br>    v.<br><br>STEPHEN WRIGHT, et al.,<br><br>            Defendants. | Case No. 15-cv-05627-RMI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 86 |

This is a civil rights action in which Plaintiff alleges violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. The case proceeds on the Third Amended Complaint, filed October 14, 2016. (Doc. 43.) Pending before the court is Plaintiff's Motion for Summary Judgment filed March 9, 2018. (Doc. 86.) Defendant Stephen Wright filed an Opposition on March 23, 2018. (Doc. 88.) Pursuant to Civil Local Rule 7-1(b), the court finds that this matter is appropriate for decision without oral argument and therefore takes the matter under submission on the papers. For the reasons explained below, the court will deny Plaintiff's motion.

**PROCEDURAL HISTORY**

Plaintiff filed this action on December 9, 2015. (Doc. 1.) On January 3, 2017, the court granted in part and denied in part the Motion to Dismiss the Third Amended Complaint brought by Defendants County of Lake and Officer Stephen Wright. (Doc. 53.) The court granted the motion as to Defendant County of Lake, thus the case now proceeds against Defendant Wright only. (*Id*.)

//

**LEGAL STANDARD**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "[I]n a § 1983 action the factual matters underlying the judgment of reasonableness generally mean that probable cause is a question for the jury, and summary judgment is appropriate only if no reasonable jury could find that the officers did or did not have probable cause to arrest." *McKenzie v. Lamb,* 738 F.2d 1005, 1008 (9th Cir. 1984).

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).2

At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *See Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014); *Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). A court may not disregard direct evidence on the ground that no reasonable jury would believe it. *See Leslie*, 198 F.3d at 1158 (where nonmoving party's direct evidence raises genuine issues of fact but is called into question by other unsworn testimony, district court may not grant summary judgment to moving party on ground that direct evidence is unbelievable).

A district court can only consider admissible evidence in ruling on a motion for summary

judgment. *See* Fed. R. Civ. P. 56(e); *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002). Authentication is a condition precedent to admissibility; unauthenticated documents cannot be considered in a motion for summary judgment. *Id*. In a summary judgment motion, documents authenticated through personal knowledge must be attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence. *Id*. at 773-74. However, a proper foundation need not be established through personal knowledge but can rest on any manner permitted by Federal Rule of Evidence 901(b) and 902. *Id*. at 774. When a document has been authenticated by a party, the requirement of authenticity is satisfied as to that document with regards to all parties, subject to the right of any party to present evidence to the ultimate fact-finder disputing its authenticity. *Id.* at 776.

Conclusory statements, such as that an opponent is lying or that documents have been fabricated – without presentation of any explanation of what portion of a statement or document is false and without offering an explanation of one's view of the true state of events – are insufficient to raise a triable issue. "When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact." *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

## FACTS ALLEGED IN THIRD AMENDED COMPLAINT

Plaintiff alleges in the Third Amended Complaint that on December 31, 2014, he was informed by a friend that some glass bottles had fallen off of a tailgate in front of Plaintiff's house. Plaintiff told his friend that Plaintiff would clean up the broken glass because his wife needed to leave to get "New Year's dinner material." Third Amended Complaint (Doc. 43) at 4. As Plaintiff went to get the glass at the front of his house he witnessed Defendant Wright arresting a neighbor. When Plaintiff leaned over the glass, Defendant Wright began yelling "Don't touch it! It's criminal evidence!" *Id*. at 5.

Plaintiff stopped and then attempted to tell Defendant Wright that the owner of the broken glass lived a couple houses in the other direction when Defendant Wright became enraged and rushed up to Plaintiff and shouted "I said, it was fucking evidence!" *Id*. at 5. Defendant Wright then began yelling and calling Plaintiff an ignorant hillbilly. *Id*. Another deputy came to the

3

scene and Plaintiff was able to explain to that deputy that the glass was not evidence related to the arrest of the neighbor. *Id*. The second deputy told Plaintiff that he could clean up the glass after the report was written. *Id.* Plaintiff then headed home. Seeing that the second deputy was out of earshot, Defendant Wright began yelling abusive threats and insults at Plaintiff, threatening to arrest him if he said another word and telling Plaintiff that he "needed to learn how to talk, [as] this was California not hillbilly acres." *Id.* When Plaintiff turned to say "that's not obstruction of justice," Defendant Wright tackled Plaintiff from behind and threw him "onto a patrol car['s] right rear fender." *Id.* Defendant Wright then placed Plaintiff under arrest.

## DISCUSSION

In support of his motion for summary judgment, Plaintiff makes this initial statement:

> It is the plaintiff's belief that there is very little difference or argument in the stories between the two parties. Furthermore, that claim of difference, specifically that the defendant claims the plaintiff, Jesse Ward, turned and pointed towards Officer Stephen Wright and said that he was rude, is moot as in it would not change the judgment. To explain, if the plaintiff had pointed and said, "You're rude." [sic] is not threatening or cause for arrest.

Pl.'s Mot. for S.J. (Doc. 86) at 1. Plaintiff asserts that he is entitled to summary judgment on the false arrest claim and presents eleven enumerated points under the heading, "Burden of Proof and Elements." In his first point, Plaintiff asserts that the one police audio recording from the incident that Defendant produced shows evidence of tampering, and argues that there should have been a second recording. In his second point, Plaintiff asserts that there was broken glass on the road. In his third point, Plaintiff asserts that there was loud yelling between him and Defendant Wright. In his fourth point, Plaintiff asserts that Defendant Wright's body camera was turned off. In his fifth point, Plaintiff asserts that he spoke with Officer Kreutzer for several minutes. In his sixth point, Plaintiff asserts that he was leaving the scene. In his seventh point, Plaintiff asserts that his arm was jerked on. In his eighth point, Plaintiff asserts that he was arrested. In his ninth point, Plaintiff asserts that he was not searched or read his rights. In his tenth point, Plaintiff asserts that

4

he has had to undergo medical treatments as a result of his arrest. In his eleventh point, Plaintiff asserts that Defendant Wright was previously considered not fit to be a police officer and was fired by the Lake County Sheriff's Office in February 2012. Plaintiff does not explain how these points, or the facts alleged therein, entitle him to summary judgment.

As explained above, under summary judgment practice, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp*, 477 U.S. at 323; *Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). Here, Plaintiff has cited specific exhibits attached to his Motion for Summary Judgement in support of each of his enumerated points. Among these are Exhibits 2, 3, and 4, which appear to be copies of written statements by Officer Richard Kreutzer and Defendant Wright on Lake County Sheriff's Office letterhead stationery. Exhibit 3 sets forth Defendant Wright's version of the events.[1] Under the version of events as set forth in the report signed by Defendant Wright, Plaintiff refused to leave alone the glass which the officers believed could be evidence. Defendant Wright asked Plaintiff to leave the scene several times, but Plaintiff refused and an argument ensued. After things calmed down briefly, Plaintiff walked back towards the officers and restarted the argument.

Defendant Wright relies on this report in opposing Plaintiff's Motion for Summary Judgment. Specifically, he argues that it demonstrates that the facts are disputed as to whether Plaintiff obeyed the officers' instructions to leave the scene, whether he returned to the scene after starting to leave, and exactly what occurred at the time he was arrested. The issue of Plaintiff's

---

[1] This document is also provided as Exhibit 1 to Defendant's Opposition, and in that context is properly authenticated. (Doc. 88-1.) Defendant's Request for Judicial Notice as to the exhibits attached to the Opposition is GRANTED.

5

actions goes to whether probable cause existed for Plaintiff's arrest, which is material to his claim of false arrest. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (A fact is material if it could affect the outcome of the suit under the governing substantive law.); *Turner v. Oakland Police Officers*, No. C 09-03652 SI, 2010 WL 234898, at *3 (N.D. Cal. Jan. 14, 2010) ("A claim stemming from an arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification."). Thus, Officer Wright's report establishes the existence of genuine issues of material fact as to Plaintiff's claim of false arrest. *See Wall v. County of Orange*, 364 F.3d 1107, 1111 (9th Cir. 2004) (district court may not resolve disputed issues of material fact by crediting one party's version of events and ignoring another). These issues preclude summary judgment. This case must therefore go before a trier of fact to determine whether there was probable cause to justify the arrest of Plaintiff.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment is HEREBY DENIED. The case remains set for a jury trial on August 27, 2018, in McKinleyville.

**IT IS SO ORDERED.**

Dated: April 13, 2018

ROBERT M. ILLMAN
United States Magistrate Judge